```
ANDRÉ BIROTTE JR.
United States Attorney                    JS - 6
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 110984
     United States Courthouse
     312 North Spring Street, Suite 1400
     Los Angeles, California 90012
     Telephone:  (213)894-5710
     Facsimile:  (213)894-7177
     E-Mail:  Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CV 08-146 AHS (RNBx) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT OF FORFEITURE** |
| $163,374.50 IN BANK ACCOUNT FUNDS, | |
| Defendant. | |
| KENNETH WAYNE FERGUSON, | |
| Claimant. | |

   On February 7, 2008, plaintiff United States of America ("United States of America") filed a Complaint for Forfeiture alleging that the defendant $163,374.50 in Bank Account Funds (the "defendant bank funds") are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

1  Claimant Kenneth Wayne Ferguson ("claimant") filed a
2 seized asset claim with the Department of Treasury on November 3,
3 2007 claiming the defendant bank funds, but he did not file a
4 judicial claim or an answer to the United States' Complaint for
5 Forfeiture.  No other parties have appeared in this case and the
6 time for filing claims and answers has expired.
7  On September 23, 2010 the United States filed
8 Plaintiff's Statement Noting Fact of Death of Kenneth Wayne
9 Ferguson.
10  The United States of America and claimant's estate have
11 now agreed to settle this action and to avoid further litigation
12 by entering into this Consent Judgment of Forfeiture.
13  The Court having been duly advised of and having considered
14 the matter, and based upon the mutual consent of the parties
15 hereto,
16  IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
17  1.  This Court has jurisdiction over the subject
18 matter of this action and the parties to this Consent Judgment of
19 Forfeiture.
20  2.  The Complaint for Forfeiture states a claim for
21 relief pursuant to 18 U.S.C. § 981(a)(1)(A).
22  3.  Notice of this action has been given as required
23 by law.  No appearances have been made in this case by any person
24 other than claimant.  The Court deems that all other potential
25 claimants admit the allegations of the Complaint for Forfeiture
26 to be true.
27  4.  $49,012.35 of the defendant bank funds, with no
28 interest, shall be returned to Nathan Law Office Client Trust

Account via electronic wire transfer.  The remainder of the defendant bank funds (i.e., $114,362.15), plus the interest earned by the United States of America on the entire sum since seizure, shall be condemned and forfeited to the United States of America.  The custodian of the defendant bank funds is ordered to dispose of the funds forfeited to the United States of America in accordance with law.

        5.   The funds to be returned pursuant to paragraph 4 shall be paid to the Nathan Law Office Client Trust Account within sixty (60) days of the entry of this Consent Judgment of Forfeiture.

        6.   Claimant's estate hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Internal Revenue Service and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant.

        7.   The Court finds that there was reasonable cause for the seizure of the defendant bank funds and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

        8.   The Court further finds that claimant or

claimant's estate did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

9. The Court shall maintain jurisdiction in this case for the purpose of effectuating the terms of this Consent Judgment of Forfeiture.

DATED: March 20, 2012.

ALICEMARIE H. STOTLER
_____
HON. ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: March 20, 2012.   ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

                                                                        /s/
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: March 20, 2012.

                                                                        /s/
GEOFFREY G. NATHAN, ESQ.

Attorney for the Estate of
Kenneth Wayne Ferguson

S:\AHS\2MJC\Judgments\SACV08-146 Consent Judgment_Final.wpd